9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William PATTON, Plaintiff-Appellant,
v.
Harold BECHTLER, Power House Supervisor; Dean Wills, Power
House Supervisor; Richard Janes, Power House Supervisor;
Paul Bollinger, Power House Supervisor; Dykstra, Power
House Supervisor; Frank Gray, Warden; Eric Dahlberg,
Warden; Paul Crider, Defendants-Appellees.
 No. 93-3212.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 1
 Before: JONES and SILER, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 William Patton appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Patton sued several administrators and supervisory personnel of the Ohio State Reformatory in their individual and official capacities. Patton alleged that the defendants violated his Fourteenth Amendment substantive due process and Eighth Amendment rights when they assigned him to work in the former Power House of the Ohio State Reformatory, at which he was exposed to toxic gases and asbestos. The district court determined that Patton's claims were barred by the statute of limitations and dismissed the case as frivolous. Patton has filed a timely appeal. He requests the appointment of counsel on appeal.
 
 
 4
 Upon review, we conclude that the district court improperly dismissed Patton's claims as frivolous. A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review a district court's dismissal of a complaint as frivolous for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 5
 The district court abused its discretion in dismissing Patton's complaint as frivolous. In his complaint, Patton alleges that he was assigned to work in the former Power House of the Ohio State Reformatory from 1981 to 1984. While working in the facility, Patton alleges that he was repeatedly exposed to toxic sulphur gases emitted from the poor quality coal used at the facility. Patton also alleges that the defendants ordered him to remove asbestos from the facility. While performing the asbestos removal, the defendants denied Patton's request for protective clothing and a mask, despite the fact that the defendants wore these protective items during the removal procedure. Instead, the defendants assured Patton that the asbestos removal was not dangerous to his health. After his release from prison in 1986, Patton began to experience health problems, including seizures, and he sought medical treatment. Despite testing, his treating physicians were unable to diagnose the cause of his condition. Sometime thereafter, Patton committed a bank robbery and was returned to prison. His medical difficulties persisted and he sought treatment with the prison doctor in late 1990. Upon learning that Patton was exposed to asbestos while working at the Power House facility, the doctor informed him that it was possible that his medical condition was caused by this exposure to asbestos. Patton filed his complaint on December 10, 1992. The district court concluded that Patton knew or should have known that he was being exposed to dangerous substances while working at the facility and his injuries manifested themselves in 1986. Therefore, the district court determined that his claim was barred by the statute of limitations and dismissed the case.
 
 
 6
 A two-year statute of limitations applies to civil rights actions arising out of Ohio. Browning v. Pendelton, 869 F.2d 989, 992 (6th Cir.1989) (en banc). While state statutes of limitations and tolling principles apply to determine the timeliness of civil rights claims, see Wilson v. Garcia, 471 U.S. 261, 268-69 (1985), federal law determines the accrual of those claims. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). A statute of limitations generally begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991). However, when the injured person sustains an injury which cannot itself reasonably be discovered, or the cause of which cannot reasonably be discovered, the limitations period starts to run when the plaintiff reasonably should have discovered both the cause and the injury. Hicks v. Hines Inc., 826 F.2d 1543, 1544 (6th Cir.1987).
 
 
 7
 In considering Patton's claims under 28 U.S.C. Sec. 1915(d), the district court improperly determined that Patton knew both of his injury and its cause in 1986 and, therefore, the statute of limitations began to run at that time. While Patton was aware of his injury in 1986, it is not clear from the record that he was aware of the potential cause for his injury until later. While there is some evidence in the complaint that Patton was aware of the dangerousness of the toxic gases during his service at the Power House, it is not clear that he was aware of the dangers of asbestos exposure until after that time. Indeed, Patton alleges that he had no knowledge of the dangers of asbestos while working at the Power House and was informed by the defendants that the asbestos removal posed no danger to him. Patton asserts that he did not learn of the cause of his injury until late 1990, when he was informed by a prison doctor that the asbestos exposure may have caused his medical condition. If Patton could not have reasonably discovered the cause of his injury at an earlier time and if the doctor informed him of the possible cause of his condition after December 10, 1990, Patton's complaint would be timely. As the applicability of the statute of limitations defense is not obvious from the face of the complaint in this case, the district court should not have sua sponte dismissed the case as frivolous. See Yellen v. Cooper, 828 F.2d 1471, 1475-76 (10th Cir.1987). Further, if the defendants did assure Patton of the safety of performing asbestos removal without protective equipment, the defendants may have fraudulently concealed the harmfulness of asbestos removal and such action could toll the statute of limitations. Pinney Dock and Transp. Co. v. Penn. Central Corp., 838 F.2d 1445, 1465-72 (6th Cir.), cert. denied, 488 U.S. 880 (1988). We also note that the district court should consider the potential applicability of Ohio Rev.Code Sec. 2305.16 to this case.
 
 
 8
 It is also noted that the substantive claims underlying Patton's complaint do not appear to be frivolous. If the defendants did compel Patton to perform unprotected removal of asbestos with full knowledge of the danger of asbestos, their actions could constitute deliberate indifference to Patton's well being in violation of the Eighth Amendment. See Helling v. McKinney, 113 S.Ct. 2475, 2481-82 (1993). However, to the extent Patton seeks to assert a claim under the Fourteenth Amendment Due Process Clause, however, the dismissal of such a claim was proper, as only the Eighth Amendment affords a committed prisoner protection relating to the conditions of his confinement. See id. at 2480; Cornwell v. Dahlberg, 963 F.2d 912, 915-16 (6th Cir.1992).
 
 
 9
 Lastly, Patton's argument that the district court should have granted him a preliminary injunction is without merit. Patton requested injunctive relief to prevent the defendants from retaliating against him for filing this complaint. Patton cites to numerous recent incidents which have occurred at the Mansfield Correctional Institution, where he is incarcerated, to indicate that an unstable environment currently exists in the prison. However, Patton has not alleged that any of these disturbances has personally threatened or injured him in any way. As Patton has not shown that irreparable injury will occur, his claim for injunctive relief is without merit. See generally International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 302 (6th Cir.1991), cert. denied, 112 S.Ct. 2941 (1992).
 
 
 10
 Accordingly, we deny Patton's request for counsel, affirm the district court's judgment of dismissal to the extent Patton sought to assert a claim under the Fourteenth Amendment Due Process Clause, and vacate and remand the district court's judgment to the extent it dismissed Patton's claim as asserted under the Eighth Amendment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation